**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elmer VILLANUEVA–ESCOBAR, a/k/a Rene Mauricio Villanueva, Renee Alvarado, Renee Mauricio Villanueva, Elmer Odir Villanueva, Rene Carlos Escobar, Antonio Pindea, Carlos Pineda, Rene Mauricio Escobar, Elmer Villanueva, Antonio Pineda–Escobar, Antonio Escobar, Antonio E. Pineda, Elmir Odir Villanueva, Rene Villanueva and Elmer Otir Villanueva, Defendant–Appellant.**

**No. 05–50617.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 25, 2006.

Becky S. Walker, Esq., Samantha P. Jessner, AUSA, USLA–Office of the U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Elmer Villanueva–Escobar appeals his 70–month sentence imposed following his guilty plea to being found in the United States after illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Villanueva–Escobar contends that the district court violated his constitutional rights by imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based on a prior conviction that was not proved to a jury. This contention is foreclosed by *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006). Moreover, Villanueva–Escobar has conceded that the indictment alleged, and that he so admitted during the plea colloquy, that he had been convicted on July 20, 1994 and subsequently deported on October 2, 1997 and August 3, 2000.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.